IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TI LU, #77017-112,<br><br>          Petitioner,<br><br>     v.<br><br>ESTELA DERR,<br><br>          Respondent. | CIVIL NO. 22-00090 JAO-RT<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED** |

## ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED

Before the Court is pro se Petitioner Ti Lu's ("Lu") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the following reasons, Lu is ORDERED TO SHOW CAUSE in writing on or before April 26, 2022 why the Petition should not be dismissed.

### I.     BACKGROUND

On December 2, 2019, in the United States District Court for the Central District of California, Lu was sentenced to eighty-four months' imprisonment for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See* Judgment

and Probation/Commitment Order, *United States v. Lu*, Case No. Cr. 18-604-CJC-2 (C.D. Cal. Dec. 2, 2019), ECF No. 104.[1]  Lu is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Ti" in "First" field and "Lu" in "Last" field; select "Search") (last visited Mar. 29, 2022).  The BOP's inmate locator reflects that Lu's projected release date is September 13, 2024.  *Id.*

The Court received the Petition on March 7, 2022, ECF No. 1, and Lu paid the filing fee on March 14, 2022, ECF No. 4.  Lu alleges in the Petition that (1) he is "entitled to be held within 500 miles from his release address" in Yorba Linda, California (Count I); and (2) the BOP should provide him with a "correct copy of his male pattern risk score sheet" (Count II).  ECF No. 1 at 4–5, 9.

## II. SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III.   DISCUSSION

**A.   Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted).

//

//

//

//

### B. Lu's Placement (Count I)

Lu alleges in Count I that he is "entitled to be held within 500 miles from his release address" in Yorba Linda, California. ECF No. 1 at 4, 9.

#### 1. Individual Placement Designation

"Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he . . . is in the BOP's custody." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b), as amended by the First Step Act of 2018, states that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence," subject to various considerations. 18 U.S.C. § 3621(b); *see* First Step Act of 2018, Pub. L. No. 115-391, Title VI, § 601, 132 Stat. 5194, 5237 (2018). Relevant considerations include bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the BOP. *See* 18 U.S.C. § 3621(b).

Section 3621(b) further states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." 18 U.S.C. § 3621(b). Thus, as the Ninth Circuit has recognized, "Congress stripped federal courts of jurisdiction to review the BOP's

4

individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021); *see Gullett v. Salas*, Case No. 2:21-cv-05720-JAK-JDE, 2021 WL 3171967, at *2 (C.D. Cal. July 27, 2021) ("Federal courts . . . lack jurisdiction over challenges to the BOP's individualized placement determinations.").

The Court therefore lacks jurisdiction to consider any challenge to the BOP's individual placement designation for Lu at FDC Honolulu. *See Ahmad*, 860 F. App'x at 461; *Gullett*, 2021 WL 3171967, at *2; *see also Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition." (citation omitted)).

### 2. Federal Law Violation

Although the Court lacks jurisdiction to review individual placement designations, it does have jurisdiction to review claims that "the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (citation omitted); *see Ahmad*, 860 F. App'x at 462 ("Though § 3621(b) strips the court of jurisdiction to consider [an inmate's] individual challenge, it does not preclude review of all challenges that might implicate individual designation decisions." (citation omitted)).

Lu does not allege that the BOP violated the Constitution or exceeded its statutory authority here. He does allege, however, that the BOP violated its "policy statements" and the First Step Act. ECF No. 1 at 1, 4.

To the extent Lu asserts that the BOP violated an unspecified policy or program statement by placing him at FDC Honolulu,[2] ECF No. 1 at 1, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Any claim by Lu based on a purported violation of a BOP program statement must therefore be dismissed.

To the extent Lu asserts that the BOP acted contrary to 18 U.S.C. § 3621(b), as amended by the First Step Act, he fails to say how. Although 18 U.S.C. § 3621(b) states that the BOP must place an inmate in a facility within 500 miles of his primary residence "to the extent practicable," it certainly does not guarantee such a placement. *See United States v. Segura*, Case No. 3:13-cr-00057-MMD, 2019 WL 2099920, at *1 (D. Nev. May 13, 2019) ("[W]hile a provision of the First

---

[2] Although Lu does not say what policy or program statement the BOP allegedly violated, the Court notes that the policies and procedures by which the BOP classifies and designates inmates are set forth in its Program Statement P5100.08, *Inmate Security Designation and Custody Classification* (Sept. 12, 2006), https://www.bop.gov/policy/progstat/5100_008.pdf (last visited Mar. 29, 2022). *See Sacora*, 628 F.3d at 1062.

Step Act requires BOP to 'place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence,' this requirement is tempered by numerous other considerations[.]" (quoting 18 U.S.C. § 3621(b))).  Indeed, the statute explicitly states that an inmate's placement is subject to a variety of other considerations including bed availability and the BOP's security concerns.  *See* 18 U.S.C. § 3621(b).

      Therefore, if Lu wants this part of Count I to proceed, he must explain how the BOP allegedly "acted contrary to established federal law." *Rodriguez*, 823 F.3d at 1242.  Merely noting that the BOP placed Lu in a facility more than 500 miles from his primary residence, without more, is not enough.  *See Mayle*, 545 U.S. at 655 (stating that Habeas Rule 2(c) is "more demanding" than Fed. R. Civ. P. 8(a)); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (stating that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief" (internal quotation marks, brackets, and citation omitted)); *see also* Habeas Rule 4 advisory committee's note ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### C.     Male Pattern Risk Score (Count II)

Lu alleges in Count II that he is a "minimum recidivism inmate," but the BOP has refused to provide him with a copy of his "male pattern risk score." ECF No. 1 at 5. According to Lu, the male pattern risk score is the BOP's "measure for assessing recidivism." *Id.* Lu asserts that although an unspecified policy or program statement allows inmates to obtain copies of their scores, various prison officials at FDC Honolulu have refused to provide him with his. *Id.*

Even if everything Lu alleges is true, as noted *supra*, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb*, 636 F.3d 1227. It appears, therefore, that Count II must also be dismissed.

### IV.  CONCLUSION

1. Lu is ORDERED to show cause in writing on or before April 26, 2022 why the Petition should not be dismissed.

2. If, after reviewing this Order, Lu decides not to pursue this action, he may voluntarily dismiss the action by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a).

3.  If Lu fails to respond to this Order, the Petition and this action will be dismissed pursuant to Fed. R. Civ. P. 41(b) for failing to comply with a court order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 29, 2022.



Jill A. Otake
United States District Judge

*Lu v. Derr*, Civil No. 22-00090 JAO-RT; ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED