IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TI LU,<br>#77017-112,<br><br>             Petitioner,<br><br>     v.<br><br>ESTELA DERR,<br><br>             Respondent. | CIVIL NO. 22-00090 JAO-RT<br><br>**DISMISSAL ORDER** |

## <u>DISMISSAL ORDER</u>

Before the Court is pro se Petitioner Ti Lu's ("Lu") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition").  ECF No. 1.  Lu alleges that his placement at the Federal Detention Center in Honolulu, Hawai‘i ("FDC Honolulu") violates Federal Bureau of Prisons ("BOP") "policy and law."  *Id.* at 1. He also alleges that Respondent should provide him with a "correct copy of his male pattern risk score sheet."  *Id.* at 9.  The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  For the following reasons, the Petition is DISMISSED without prejudice, but without leave to amend.

## I.      BACKGROUND

On December 2, 2019, in the United States District Court for the Central District of California, Lu was sentenced to eighty-four months' imprisonment for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  *See* Judgment and Probation/Commitment Order, *United States v. Lu*, Case No. Cr. 18-604-CJC-2 (C.D. Cal. Dec. 2, 2019), ECF No. 104.[1]  Lu is currently in the custody of the BOP at FDC Honolulu.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Ti" in "First" field and "Lu" in "Last" field; select "Search") (last visited Apr. 19, 2022).  The BOP's inmate locator reflects that Lu's projected release date is September 13, 2024.  *Id.*

The Court received the Petition on March 7, 2022, ECF No. 1, and Lu paid the associated filing fee on March 14, 2022, ECF No. 4.  Lu alleges in the Petition that his placement at FDC Honolulu violates BOP "policy and law."  ECF No. 1 at 1.  According to Lu, pursuant to BOP "policy statements and United States law (First Step Act)," he is "entitled to be held within 500 miles from his release address" in Yorba Linda, California (Count I).  ECF No. 1 at 4.  Lu further alleges that prison officials should provide him with a "correct copy of his male pattern

---

[1]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

risk score sheet" (Count II). *Id.* at 5. Lu asks the Court to order Respondent to: (1) "transfer [him] via furlough to [a] facility within 500 miles of his release address," and (2) "supply [him] with a correct copy of his male pattern risk score sheet." *Id.* at 9.

On March 29, 2022, the Court issued an Order to Show Cause Why the Petition Should Not Be Dismissed. ECF No. 5. The Court received Lu's Response on April 8, 2022. ECF No. 6.

## II.   SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III.   DISCUSSION

### A.   Habeas Petitions Under 28 U.S.C. § 2241

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

### B.   Lu's Placement (Count I)

Lu alleges in Count I that, pursuant to BOP "policy statements and United States law (First Step Act)," he is "entitled to be held within 500 miles from his release address" in Yorba Linda, California.  ECF No. 1 at 4.  He asks the Court to order Respondent to "transfer [him] via furlough to [a] facility within 500 miles of his release address."  *Id.* at 9.

4

### 1.  Individual Placement Designation

"Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he . . . is in the BOP's custody." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010).  Section 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  Thus, as the Ninth Circuit has stated, the BOP "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citations omitted).

In exercising this discretionary authority, 18 U.S.C. § 3621(b), as amended by the First Step Act of 2018, states that the BOP shall "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence," subject to various considerations.  18 U.S.C. § 3621(b); *see* First Step Act of 2018, Pub. L. No. 115-391, Title VI, § 601, 132 Stat. 5194, 5237 (2018).  Relevant considerations include bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the BOP. *See* 18 U.S.C. § 3621(b).

5

Section 3621(b) further states that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court."  18 U.S.C. § 3621(b).  Thus, as the Ninth Circuit has recognized, "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment."  *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021); *see Gullett v. Salas*, Case No. 2:21-cv-05720-JAK-JDE, 2021 WL 3171967, at *2 (C.D. Cal. July 27, 2021) ("Federal courts . . . lack jurisdiction over challenges to the BOP's individualized placement determinations.").

The Court therefore lacks jurisdiction to consider any challenge to the BOP's individual placement designation for Lu at FDC Honolulu.  *See Ahmad*, 860 F. App'x at 461; *Gullett*, 2021 WL 3171967, at *2; *see also Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition." (citation omitted)).

2.   **Federal Law Violation**

Although the Court lacks jurisdiction to review individual placement designations, the Ninth Circuit has said that district courts do have jurisdiction to review claims that "the [BOP] acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to

18 U.S.C. § 3621." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (citation omitted); *see Ahmad*, 860 F. App'x at 462 ("Though § 3621(b) strips the court of jurisdiction to consider [an inmate's] individual challenge, it does not preclude review of all challenges that might implicate individual designation decisions." (citation omitted)).

Lu alleges in the Petition that the BOP violated its "policy statements" and the First Step Act by housing him at FDC Honolulu because "he is entitled to be held within 500 miles from his release address." ECF No. 1 at 1, 4; *see also* ECF No. 6 at 1 ("The Respondent and FDC Honolulu have an obligation to follow Bureau of Prisons Policy statements and the First Step Act by placing an inmate within 500 miles of his release address.").

To the extent Lu asserts that the BOP violated an unspecified policy or program statement by placing him at FDC Honolulu,[2] ECF No. 1 at 1, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir.

---

[2]  Although Lu does not say in the Petition what policy or program statement the BOP allegedly violated, the Court notes that the policies and procedures by which the BOP classifies and designates inmates are set forth in its Program Statement P5100.08, *Inmate Security Designation and Custody Classification* (Sept. 12, 2006), https://www.bop.gov/policy/progstat/5100_008.pdf (last visited Apr. 19, 2022). *See Sacora*, 628 F.3d at 1062.

2011); *see also Turner v. Fox*, Case No. CV 15-1976-R (KK), 2015 WL 3740144, at \*3 n.3 (C.D. Cal. June 15, 2015) ("[T]o the extent Petitioner claims the BOP has violated Program Statement 5100.08 . . . the Court lacks jurisdiction over this claim." (citation omitted)).  Any claim by Lu based on a purported violation of a BOP program statement must therefore be dismissed.

To the extent Lu asserts that the BOP acted contrary to 18 U.S.C. § 3621(b), as amended by the First Step Act, by placing him in a prison more than 500 miles from his release address, that claim is baseless.  Although 18 U.S.C. § 3621(b) states that the BOP must place an inmate in a facility within 500 miles of his primary residence "to the extent practicable," it certainly does not guarantee such a placement.  *See United States v. Segura*, Case No. 3:13-cr-00057-MMD, 2019 WL 2099920, at \*1 (D. Nev. May 13, 2019) ("[W]hile a provision of the First Step Act requires BOP to 'place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence,' this requirement is tempered by numerous other considerations[.]" (quoting 18 U.S.C. § 3621(b))); *see also United States v. Kamra*, Criminal Action No. 18-253, 2021 WL 2036657, \*8 (E.D. Pa. May 21, 2021) ("Despite Defendant's contentions, the BOP is not required to place defendants within 500 miles.  They must attempt to do so to the extent it is practicable.").

Any claim that the First Step Act obligates the BOP to transfer Lu within 500 miles of his release address, therefore, also must be dismissed.

Finally, Lu alleges in his Response that the BOP "engage[d] in unconstitutional practices" by housing him at FDC Honolulu.  ECF No. 6 at 1. Prisoners, however, have no constitutional right to incarceration at a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244–48 (1983); *see also Estrada v. Chavez*, Case No. CV 08-1358 PHX-NVW (LOA), 2009 WL 1383328, at *7 (D. Ariz. May 15, 2009) ("Prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment." (citation omitted)).  The Court must therefore dismiss any claim that the Constitution requires Lu's transfer to a prison closer to his release address.

Lu also asserts at one point that being housed with "high security, pretrial, [and] presentence" inmates "results in cruel and unusual punishment" under the Eighth Amendment.  ECF No. 6 at 2.  The appropriate avenue for a federal prisoner asserting a civil rights violation based on the *conditions* of his confinement is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not a habeas petition under 28 U.S.C. § 2241.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *see also Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court

correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens* . . . rather than a § 2241 petition." (citations omitted)).  Thus, any claims relating to the conditions of Lu's confinement must be raised, if at all, in a civil rights action under *Bivens*.

## C.   **Male Pattern Risk Score (Count II)**

Lu alleges in Count II that he is a "minimum recidivism inmate," but the BOP has refused to provide him with a copy of his "male pattern risk score."  ECF No. 1 at 5.  According to Lu, the male pattern risk score is the BOP's "measure for assessing recidivism."  *Id.*  Lu asserts that although an unspecified policy or program statement allows inmates to obtain copies of their scores, various prison officials at FDC Honolulu have refused to provide him with his.  *Id.*

Even if everything Lu alleges is true, as noted *supra*, "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."  *Reeb*, 636 F.3d 1227.  Count II, therefore, must also be dismissed.

## IV.   <u>CONVERSION OF THE PETITION</u>

A district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the prisoner.  *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).

10

The Court declines to convert Lu's Petition into a civil rights complaint, however, because of the differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the Court converted the Petition into a civil rights complaint, Lu would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust fund account in accordance with the availability of funds. *See* 28 U.S.C. §§ 1914, 1915(b). Any dismissal of the action at the pleading stage would not terminate Lu's duty to pay the $350 filing fee. Here, the Petition was not accompanied by the $350 filing fee or an authorization by Lu to have the $350 filing fee deducted from his trust fund account pursuant to 28 U.S.C. § 1915(b).

Second, "[n]o action shall be brought with respect to prison conditions under section 1983 of [Title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The Supreme Court has acknowledged . . . that federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures." *Hoffman v. Preston*, 26 F.4th 1059, 1070 (9th Cir. 2022) (internal quotation marks, brackets, and citation omitted). Here, it is unclear if Lu has fully exhausted his administrative remedies. *See* ECF No. 1-1 at 2–3; *see also Seina v. Fed. Detention Ctr.-Honolulu*, Civ. No. 16-00051 LEK-KJM, 2016

11

WL 6775633, at *5 (D. Haw. Nov. 15, 2016) (describing the BOP's four-step administrative remedy procedure).

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Lu's claims.  This does not prevent Lu from filing a civil rights complaint after he considers his options.

## V.    CONCLUSION

(1) The Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Lu has conditions of confinement claims that do not impact the fact or duration of his confinement, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) The Clerk is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, April 19, 2022.



Jill A. Otake
United States District Judge

*Lu v. Derr*, Civil No. 22-00090 JAO-RT; DISMISSAL ORDER